990 F.2d 1377
 301 U.S.App.D.C. 107
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
MID-OHIO RADIO, LTD.
v.
FEDERAL COMMUNICATIONS COMMISSION.
 No. 91-1418.
 United States Court of Appeals, District of Columbia Circuit.
 March 26, 1993.
 
 Before RUTH B. GINSBURG, SILBERMAN, and D.H. GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record from the Federal Communications Commission and on the briefs and oral arguments of counsel. The court is satisfied that appropriate disposition of the appeal does not warrant a published opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the judgment from which this appeal has been taken be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b)(2).
 
 MEMORANDUM
 
 4
 In the hearing designation order relevant to this case, the Mass Media Bureau designated a financial issue against Perkins, an applicant, because his cost estimates were lower than those of most of the applicants and because the bank letter of credit upon which he relied did not specify an interest rate. The Bureau did not designate any misrepresentation or lack of candor issues against Perkins. Perkins amended his application within 30 days, providing revised estimates of construction costs and operating expenses and a new bank letter specifying the relevant terms, including the rate of interest. Perkins' application was later granted.
 
 
 5
 Mid-Ohio Radio, another applicant, challenges the Commission's acceptance of Perkins' amendment on the ground that an applicant must show that it was financially qualified at the time of application, and that Perkins' amendment does not suffice for this showing because it merely establishes that Perkins had sufficient funding at the time of the amendment.
 
 
 6
 FCC regulations provide that "[i]n comparative broadcast cases (including comparative renewal proceedings), amendments relating to issues first raised in the designation order may be filed as a matter of right within 30 days after that Order...." 47 CFR § 73.3523(b)(2). Therefore, the FCC contends that Perkins' post-designation amendment cured any defect in his original proposal by substituting the amended proposal for the original, and that any challenge to the original proposal is thus moot. We agree.
 
 
 7
 The rule that an applicant must certify that it has sufficient funding at the time the application is filed discourages applicants from filing applications "merely to exact settlement payoffs rather than for the legitimate purpose of obtaining a broadcast license." In the Matter of Revision of Application for Construction Permit for Commercial Broadcast Station, 4 FCC 3853 p 41 (1989). Perkins certified in his application that he had obtained adequate financing, and no lack of candor issue was designated. Mid-Ohio Radio does not contend that Perkins' application was frivolous.
 
 
 8
 The Commission reasonably interpreted its rule to allow Perkins to amend his application within the prescribed 30-day period so long as there was no issue of lack of candor. The rule permitting amendment as of right within 30 days conserves Commission resources by encouraging prompt amendment to resolve any issues, thus avoiding a lengthy inquiry of purely historical interest into an applicant's qualification at the time of certification. Moreover, to the extent Perkins was fully candid in his initial application, requiring him to prove that he was financially qualified as of the time of application would serve no purpose, since his financial qualification at the time of the amendment is not in dispute.